USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
JOHN BRITO,

       Petitioner,

   -against-

WILLIAM KEYSER,

       Respondent.
------------------------------------------------------------ X

19-CV-4197 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

  Petitioner John Brito, appearing *pro se*, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for criminal possession of a weapon in the third degree and assault in the second degree. *See* Pet., Dkt. 2. On January 16, 2020, Magistrate Judge Gorenstein issued a Report and Recommendation ("R&R"), recommending that the Petition be denied in its entirety. *See* R&R, Dkt. 17. No party submitted objections to the R&R. For the following reasons, the R&R is ADOPTED in full. The Petition is DENIED.

## BACKGROUND

  Petitioner's convictions arise from a "brief tussle" with two neighbors in August 2015, during which Petitioner hit one of his neighbors in the face with a pair of pliers. *See* R&R at 1-3. Petitioner was charged with criminal assault in the second degree and criminal possession of a weapon in the third degree. *Id.* at 3.

  During voir dire for Petitioner's state court trial, Petitioner's counsel challenged a prospective juror for cause on the basis that her personal and familial history would prevent her from being impartial. *Id.* at 3-6. Specifically, the prospective juror stated that she had relatives who worked in law enforcement and that she and her niece had been victims of crimes. *Id.*

1

After additional questioning by the judge and Petitioner's counsel, the judge denied the for-cause challenge. *Id.* at 4-6. Petitioner's counsel proceeded to use a peremptory challenge to excuse the prospective juror. *Id.* at 6.

Following summations, Petitioner's counsel requested that the jury charge be revised to include instructions on third-degree assault as a lesser included offense. *Id.* at 6-7. The judge revised the charge to include instructions for third-degree assault under N.Y. Penal L. § 120.00(1), but declined to include an instruction on negligent assault in the third degree because Petitioner had testified that he *intentionally* struck the victim in self-defense, and there was therefore "absolutely no reasonable view of the evidence … that there was criminal negligence involved." R&R at 7.

On July 27, 2016, the jury found Petitioner guilty of assault in the second degree and criminal possession of a weapon in the third degree. *Id.* Having found Petitioner guilty of second-degree assault, the jury did not reach the lesser included charge of third-degree assault. *Id.*

On September 14, 2016, Petitioner was sentenced to a term of five years imprisonment followed by five years of supervised release. *Id.* at 8-9. Because Petitioner had been previously convicted of criminal sale of a controlled substance in the third degree, Petitioner was sentenced as a predicate felon. *Id.* at 8. Petitioner did not contest his former felony conviction. *Id.* Petitioner's conviction was affirmed on appeal. *See People v. Brito*, 167 A.D.3d 516 (1st Dep't 2018). Petitioner was denied leave to appeal the First Department's decision. R&R at 10. On May 8, 2019, Petitioner filed the instant Petition with this Court. *See* Dkt. 2.

2

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made by either party, "a district court need only find that there is no clear error on the face of the record in order to accept the report and recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (a district court "may adopt those portions of the [magistrate's] report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b))). Failure to file timely objections to the magistrate's report constitutes a waiver of those objections both within the district court and on appeal. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Careful review of Judge Gorenstein's R&R reveals that there is no clear error in its conclusions. Even assuming that the Court were required to review Petitioner's claims *de novo*, the claims fail on the merits. *See* R&R at 13–17.

Petitioner's claim that his Sixth Amendment right was violated during jury selection presents no claim to federal habeas relief, because he makes no claim that the jury that ultimately heard his case was biased in any way. *See Ross v. Oklahoma*, 487 U.S. 81, 88 ("So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."). While Petitioner was entitled to a review of the trial court's denial of a for-cause challenge to a potential juror under state law,

*see* CPLR § 270.20(2), "the mere loss of a peremptory challenge does not violate a criminal defendant's constitutional rights." *Murray v. New York*, No. 13-CV-5212, 2019 WL 2502101, at *3 (S.D.N.Y. June 17, 2019), citing *United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000).

As to Petitioner's claim that the judge erred in failing to instruct the jury on third-degree negligent assault as a lesser included offense, the Court agrees with Magistrate Judge Gorenstein's conclusion that this claim is not cognizable under federal habeas law. *See* R&R at 15. Petitioner cannot show that the trial court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). While "the Supreme Court has held that due process requires a trial court to submit jury instructions regarding lesser-included offenses in capital cases," *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996), it has not directly addressed "whether the Due Process Clause would require the giving of such instructions in a noncapital case," *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980). In the absence of clearly established Supreme Court law, "the Second Circuit has held that federal courts may not consider habeas claims based on a trial court's failure to instruct on a lesser included offense in a noncapital case." *Young v. Great Meadow Corr. Facility Superintendent*, No. 16-CV-1420, 2019 WL 636952, at *9 (S.D.N.Y Jan. 18, 2019), *adopted*, 2019 WL 632753 (S.D.N.Y. Feb. 14, 2019) (citing *Jones*, 86 F.3d at 48).

Finally, Petitioner's claim that that his sentence should be reduced also fails. When a defendant's sentence is within the range prescribed by state law, as is the case here, "no federal constitutional issue is presented." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Because Petitioner makes no argument that his sentence falls outside the permitted range, Petitioner's case does not present one of the "rare instances" where a reviewing court is "required to engage

in extended analysis to determine that a sentence is not constitutionally disproportionate."
*Bethea v. Scully*, 834 F.2d 257, 261 (2d Cir. 1987).

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety. The Petition is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (per curiam). In addition, because the R&R gave the parties adequate warning, *see* R&R at 17-18, the parties' failure to file written objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner at the address listed in docket entry 19, to note mailing on the docket, to terminate all open motions, and to CLOSE the case.

**SO ORDERED.**

**Date: March 2, 2020**
**New York, NY**

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
**VALERIE CAPRONI**
**United States District Judge**